JOURNAL ENTRY AND OPINION
{¶ 1} In this accelerated appeal, appellant RSI Company, Inc. ("RSI") appeals the trial court's summary judgment in favor of appellee Panther Press, Inc. ("Panther Press"). Panther Press argues RSI is doing business as Paulin Products, Inc. ("Paulin Products") and sued RSI under the caption RSI Company, dba Paulin Products, Inc. The trial court granted Panther Press a judgment of $5,076.37, plus interest. Panther Press claimed the money was due for equipment it supplied to Paulin Products. Panther Press argues RSI is liable for the account and the trial court's decision should be affirmed. RSI assigns the following errors for our review:
 "I. The judgment against a corporation not in privity of contract with another corporation is contrary to law."
 "II. The judgment is not sustained by the evidence and is against the manifest weight of the evidence." *Page 2 
 "III. The court erred in denying defendant's motion for summary judgment and granting plaintiff's cross motion for summary judgment where all of the documents submitted failed to establish a contractual relationship between the plaintiff and defendant."
 {¶ 2} Having reviewed the record and pertinent law, we reverse the trial court's decision and remand for further proceedings consistent with this opinion. The apposite facts follow.
 {¶ 3} The parties filed cross motions for summary judgment. RSI argued Paulin Products is an independent company and it is not liable for Paulin Products' debt.[1] RSI attached to its motion for summary judgment an affidavit by Steven Sords, president of both Paulin Products and RSI, stating that Paulin Products was not a subsidiary of RSI; an invoice sheet detailing the invoice numbers and amount owed to Panther Press by Paulin Products; State of Ohio certificate of incorporation for Paulin Products, Inc. issued by the Secretary of State; and a list of the equipment ordered by Paulin Products from Panther Press.
 {¶ 4} The documents Panther Press attached to its motion for summary judgment included a credit reference form completed by RSI to obtain a line of credit from Panther Press; a copy of the State of Ohio's vendor license issued to Panther Press, indicating Panther Press had a separate address from RSI; a letter from the Executive Vice President of B.P. Products, in which among other things, he indicated *Page 3 
that Paulin Products was a division of RSI; an affidavit by a representative of Panther Press detailing the amount owed by Paulin Products; and eighteen invoices billed in Paulin Products' name, but shipped and billed to the address of RSI.
 {¶ 5} The trial court granted summary judgment in favor of Panther Press in the amount of $5,076.37, plus interest at the rate of six percent per annum from October 20, 2005. RSI's motion for summary judgment was denied.
 Standard of Review {¶ 6} We review an appeal from summary judgment under a de novo standard of review.[2] Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.[3] Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion which is adverse to the nonmoving party.[4] *Page 4 
 {¶ 7} The moving party carries an initial burden of setting forth specific facts which demonstrate his or her entitlement to summary judgment.[5] If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will be appropriate only if the nonmovant fails to establish the existence of a genuine issue of material fact.[6]
 RSI Liability {¶ 8} We will address RSI's assigned errors together because they concern whether the trial court correctly granted summary judgment to Panther Press. RSI contends that Paulin Products was not a subsidiary of RSI, and since the invoices were submitted to Paulin Products for payment, RSI was not liable for the amount due and owing.
 {¶ 9} We conclude a genuine material fact exists as to whether RSI and Paulin Products are the same entity and, therefore, liable for Paulin Products' debt to Panther Press. Although Steven Sords was the president of both companies, Sords submitted an affidavit in which he stated, "neither Paulin Products, Inc. nor Paulin Outdoor Products, Inc. is a dba of RSI Company nor did it contract with Panther Press, Inc. for the purchase of goods."[7] *Page 5 
 {¶ 10} The invoices have the billing and shipping address of RSI, but the invoices are in the name of Paulin Products, Inc. Although RSI completed a credit reference application, there is no indication it obtained a line of credit from Panther Press or that Paulin Products used or could use the line of credit. Additionally, the letter from the Vice President of B.P. Products in which he stated that Paulin Products was a division of RSI Company, does not establish that the companies are related. B.P. Products' letter is from a third party unrelated to the companies. Moreover, the certificate of incorporation issued by the Secretary of the State of Ohio indicates that Paulin Products is a stand-alone company and not a subsidiary of RSI.
 {¶ 11} Based on this state of the record, it cannot be conclusively determined whether RSI and Paulin Products are the same company. We conclude that disputed issues of material fact remain; consequently, summary judgment for either party is inappropriate. Accordingly, RSI's assigned errors are sustained.
 {¶ 12} Judgment is reversed and remanded for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. *Page 6 
A certified copy of this entry shall constitute the mandate pursuant to rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and KENNETH A. ROCCO, J., CONCUR.
[1] During oral argument, this court was informed that Paulin Products, Inc. is no longer in business.
[2] Baiko v. Mays (2000), 140 Ohio App.3d 1, citing Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35; Northeast Ohio Apt. Assn.v. Cuyahoga Cty. Bd. of Commrs. (1997), 121 Ohio App.3d 188.
[3] Id. at 192, citing Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704.
[4] Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
[5] Dresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107.
[6] Id. at 293.
[7] Steven Sords Affidavit at § 3. *Page 1